UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| TAYLOR PACKWOOD and ANDREA WOOD,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF CONTRA COSTA, et al.,<br><br>Defendant. | Case No. 3:22-cv-0219-ART-CLB<br><br>ORDER |

*Pro se* Plaintiffs Andrea Wood and Taylor Packwood ("Plaintiffs") bring this action against Defendants County of Contra Costa, Contra Costa Children and Family Services, Office of the Contra Costa Sheriff, Contra Costa County Sheriff David Livingston, Kellie Case, Edyth Williams, Cecelia Gutierrez, Acadia Chidi, Erica Bains, and Ravinder Bains under 42 U.S.C. § 1983 for what appears to relate to a child custody dispute. (See ECF No. 1-1.) All the defendants except for Erica Bains and Ravinder ("County Defendants") are represented by the County of Contra Costa.

Before the Court is Wood's motion to proceed in forma pauperis ("IFP")[1] (ECF No. 1), the Report and Recommendation ("R&R" or "Recommendation") of United States Magistrate Judge Baldwin (ECF No. 4) screening Plaintiff's Complaint and recommending that Plaintiff's Complaint be dismissed without prejudice for lack of personal jurisdiction and improper venue and that the application to proceed in forma pauperis ("IFP") be denied without prejudice. Also before the Court is Wood's motion to continue as a Nevada resident claiming diversity of states (ECF No. 4), County Defendants' motion to dismiss (ECF No.

---

[1] Despite Wood moving the Court to proceed IFP, Wood later paid the filing fee of $402.00. (ECF No. 42.)

9), Plaintiffs' motion to extend time due to delays in forwarding (ECF No. 27), Wood's motion for additional time due to forwarding delays (ECF No. 29), and Wood's motion for return of unconstitutionally seized children (ECF No. 41).

For the reasons set forth below, the Court transfers this action to the Northern District of California where a near-identical action was filed a week before this action.

## I.   Procedural History

On May 12, 2022, Plaintiffs filed a Complaint and motion to proceed IFP. (ECF No. 1.) Screening is required before a litigation proceeding IFP may proceed. *Glick v. Edwards*, 803 F.3d 505, 507 (9th Cir. 2015). Thus, because Plaintiffs elected to proceed IFP the Complaint was subject to screening. On May 23, 2022, Judge Baldwin issued an R&R recommending that the case be dismissed because of lack of personal jurisdiction and improper venue. (ECF No. 2.)

On June 8, 2022, Plaintiffs filed the identical Complaint in Case Number 3:22-cv-260 and paid the filing fee. Because Plaintiffs paid the filing fee the Complaint was not subject to screening.

On July 6, 2022, Plaintiffs filed identical Amended Complaints in both actions. On August 4, 2022, Plaintiffs filed a motion to merge 3:22-cv-00219-ART-CLB into case 3:22-cv-00260-ART-CSD. (ECF No. 7.) The cases were merged. (ECF No. 8.)

On August 5, 2022, the County Defendants filed a motion to dismiss (ECF No. 9) arguing lack of personal jurisdiction, improper venue and that the action is barred by the "first to file" rule. (*Id.*) The County Defendants note that Plaintiffs have already filed a duplicative action against the same defendants and based on the same allegations in the Northern District of California under Case Number 3:22-cv-02741-MMC (originally filed as 4:22-CV-02741-KAW). (*Id.*) Defendants

note that Plaintiffs, together or individually have brought lawsuits in the Northern District of California based on the same general underling allegations:

>   *Wood v. County of Contra Costa, et al.*, 3:19-cv-02678;
>
>   *Wood v. County of Contra Costa, et al.*, 3:19-cv-04266;
>
>   *Wood v. Chidi*, et al., 3:19-cv-04202;
>
>   *Wood v. Williams, et al.*, 3:19-cv-04247;
>
>   *Wood v. County of Contra Costa, et al.*; 3:19-cv-07124;
>
>   *Wood & T.P. v. County of Contra Costa, et al.*, 3:19-cv-07597;
>
>   *Wood & T.P. v. County of Contra Costa, et al.*, 3:21-cv-00611;
>
>   *T.P. & A.W. v. County of Contra Costa, et al.*, 3:22-cv-02741-KAW;
>
>   *Wood v. County of Contra Costa, et al.*; 5:19-cv-03885; and
>
>   *Wood & T.P. v. County of Contra Costa, et al.*; 5:21-cv-02203.

(ECF No. 9.) *See Rosales–Martinez v. Palmer*, 753 F.3d 890, 894 (9th Cir. 2014) (holding courts "may take judicial notice of judicial proceedings in other courts") The Court agrees that it appears that this action is duplicative of *T.P. & A.W. v. County of Contra Costa, et al.*, 3:22-cv-02741-KAW ("the Northern California case"). Plaintiffs' Complaint was filed on May 6, 2022, in the Northern District of California case.

On August 30, 2022, Plaintiffs filed an "Amended Complaint" (ECF No. 14). The document does not appear to be a complaint at all. It appears to be a request, though disjointed and hard to follow, that this Court overturn a lower court ruling and grant Ms. Wood custody of her children and damages. The main document is 136 pages and the attached document, also labeled as a complaint, is 52 pages and includes Andrea Wood's appeal to the Ninth Circuit from one of Wood's other Northern District of California cases. (*Id.*)

On October 20, 2022, Defendants filed a reply in support of their motion to dismiss arguing that Plaintiffs have had ample opportunity to articulate why the Court has jurisdiction over their claims and why Nevada is a proper venue and Plaintiffs' failed to make any argument nor did Plaintiffs oppose the motion to dismiss. (ECF No. 19.) Defendants also note that it is unclear whether Andrea Wood even lives in Nevada because mailings have been returned as undeliverable. (*Id.*)

On November 16, 2022, Taylor Packwood filed a motion to change mailing address and requesting a 45-day extension to respond. (ECF No. 27.) The document is also signed by Andrea Wood. Andrea Wood also filed a similar motion noting an address change and stating mail delays of 4-weeks require additional time to respond to motions and replies. (ECF No. 29.)

Andrea Wood then filed a "Reply to Contra Costa County Claims of Rooker Feldman and Younger Abstention" on January 2, 2023. (ECF No. 38.) Plaintiffs have also filed a series of briefs purporting to address various issue including a class action against Contra Costa County (ECF No. 43), the Bill of Rights (ECF No. 44), the Fourteenth Amendment (ECF No. 45), filing of false child abuse reports (ECF No. 46) and illegal searches and seizures without warrants (ECF No. 4). On February 13, 2023 Plaintiffs filed another change of address to a P.O. Box in Reno, Nevada. Plaintiffs then proceeded to file more "briefs" on qualified immunity (ECF No. 51), false imprisonment (ECF No. 52), violations of the Constitution (ECF No. 53), and a "notice" regarding federal court jurisdiction in family relations (ECF No. 54).

**II.     Analysis**

Because Plaintiffs paid the filing fee the R&R is moot. An R&R in this case was issued because Plaintiffs initially claimed to qualify for IFP status. Thus, their case was subject to screening. Judge Baldwin dutifully screened the case

and recommended dismissal. (ECF No. 2.) Judge Baldwin reasoned that according to the Complaint, each of the Defendants is a resident of, and/or is doing business in, Contra Costa County, California. Thus, there is no indication that any of the defendants reside in the District of Nevada. (*Id.*) Further, the factual allegations reveal that the actions in question occurred in California— specifically action taken with respect to a California case/court proceeding. The only tie to this District is that Wood currently resides in Nevada. (*Id.*)

Judge Baldwin reasoned that a civil action must be brought in (1) a judicial district in which any defendant resides, if all defendants reside in the same state where the district is located, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought. 28 U.S.C. § 1391(b). (*Id.*) Judge Baldwin recommended dismissal because Plaintiffs have not alleged that any defendant resides in the District of Nevada, that a substantial part of the events giving rise to the action transpired here and Plaintiff have not otherwise alleged any connection to this District. (*Id.*) Therefore, it appears the Court lacks personal jurisdiction over the defendants and venue is improper here. (*Id.*)

As a general matter, a Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party fails to object to a magistrate judge's recommendation, the Court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *see also United States v. Reyna-Tapia*, 328 F.3d 1114, 1116 (9th Cir. 2003) ("De novo review of the magistrate judges' findings and recommendations is required if, but *only* if, one or both parties file objections to the findings and

5

recommendations.") (emphasis in original); Fed. R. Civ. P. 72, Advisory Committee Notes (1983) (providing that the Court "need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."). Following the R&R, however, Plaintiffs were somehow able to pay the filing fee and thus avoid screening of the Amended Complaint. But for this fact the Court would have adopted the R&R in full.

The Court thus finds itself in an unusual procedural posture. The County Defendants have brought a motion to dismiss. (ECF No. 9.) The motion argues for dismissal on the same grounds as the R&R (lack of personal jurisdiction and improper venue) but also argues that the case should be dismissed based on the so-called "first to file" rule. (*Id.*) The County Defendants' motion to dismiss does not argue on behalf of defendants Erica Bains and Ravinder Bains though its logic would seemingly apply to those defendants. The Court reviewed the docket of the Northern District of California case and Erica and Ravinder Bains are represented by counsel and filed a motion to dismiss, which is now pending at ECF No. 28. Because it appears that Erica and Ravinder Bains are diligently defending themselves in the Northern District of California case, the Court reviewed the executed summons in this case as to Erica and Ravinder Bains, and the service appears defective. The proof of service specifies that service was effected by posting documents on their premises but there is no indication that a copy of the Summons and Complaint was personally served or left with someone of suitable age and discretion who resides there. *See* FED. R. CIV. P. 4. It is not clear to the Court that these defendants even have notice that they are being sued for the same underlying actions in a different state.

While the Court agrees that it could dismiss this action against the County Defendants under any of the bases articulated in the motion to dismiss, the Court is of the opinion that the most prudent course of action is to transfer this case to the Northern District of California based on the "first-to-file" rule. The

first-to-file rule is a "'doctrine of federal comity which permits a district court to decline jurisdiction over an action when a complaint involving the same parties and issues has already been filed in another district.'" *Apple Inc. v. Psystar Corp.*, 658 F.3d 1150, 1161 (9th Cir. 2011) (quoting *Pacesetter Sys. Inc. v. Medtronic, Inc.*, 678 F.2d 93, 94–95 (9th Cir. 1982)). This rule "was developed to 'serve[ ]the purpose of promoting efficiency well and should not be disregarded lightly.'" *Alltrade, Inc. v. Uniweld Prods., Inc.*, 946 F.2d 622, 625 (9th Cir. 1991) (quoting *Church of Scientology v. U.S. Dep't of the Army*, 611 F.2d 738, 750 (9th Cir. 1979)). In addition to judicial efficiency, the rule helps "prevent[ ] the risk of inconsistent decisions that would arise from multiple litigations of identical claims." *Ruckus Wireless, Inc. v. Harris Corp.*, 11–cv–019440–LHK, 2012 WL 588782 (N.D. Cal. Feb. 22, 2012); *see also Church of Scientology*, 611 F.2d at 750 ("The doctrine is designed to avoid placing an unnecessary burden on the federal judiciary, and to avoid the embarrassment of conflicting judgments.").

Under this doctrine, a district court may choose to transfer, stay or dismiss an action where a similar complaint has been filed in another district court. *See Alltrade*, 946 F.2d at 623. The court must consider three threshold factors in deciding whether to apply the first-to-file rule: (1) the chronology of the two actions; (2) the similarity of the parties; and (3) the similarity of the issues. *Ward. v. Follett Corp.*, 158 F.R.D. 645, 648 (N.D. Cal. 1994); *see also Apple Inc.*, 658 F.3d at 1161. The first-to-file rule is "not a rigid or inflexible rule to be mechanically applied, but rather is to be applied with a view to the dictates of sound judicial administration." *Pacesetter*, 678 F.2d at 95.

The Court believes transferring this action to the Northern District of California would be more efficient than staying or dismissing the County Defendants from this action. The Northern District of California case was filed a week before this one. The parties and issues are similar, so coordinated treatment would reduce the cost to the parties and the courts. It appears that

7

Judge Maxine Chesney has been assigned various actions filed by Plaintiffs in the Northern District of California and is thus familiar with this litigation.

By filing a motion to dismiss, the County Defendants brought the applicability of the first-to-file rule to the Court's attention. The Court has discretion not only to dismiss under the first-to-file rule, but also to transfer if it determines that this would be the most prudent and efficient course of action. Having raised the issue, the County Defendants cannot now limit the options available to the Court if it agrees that the first-to-file rule applies. *See Walker Group, Inc. v. First Layer Communications, Inc.*, 333 F.Supp.2d 456, 460 (M.D.N.C. Aug. 24, 2004) (noting that a defendant's motion under the first-to-file rule sought only dismissal or a stay, but concluding that the court could "sua sponte, transfer the matter to Colorado where it could be consolidated with the Colorado action"). Having found the first-to-file rule applicable and determined that transfer would be the most prudent course of action in light of the specific circumstances present in this case, the Court exercises its discretion to transfer this action to the Northern District of California where it can be consolidated with the Northern District of California Case.

IT IS THEREFORE ORDERED that this action is TRANSFERRED TO THE NORTHERN DISTRICT OF CALIFORNIA in its entirety.

DATED THIS 2nd Day of March 2023.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE