IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAYLOR PACKWOOD, et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>COUNTY OF CONTRA COSTA, et al.,<br><br>　　　　Defendants. | Case No. 23-cv-01003-MMC<br><br>**ORDER DIRECTING PLAINTIFFS TO SHOW CAUSE WHY AMENDED COMPLAINT SHOULD NOT BE DISMISSED; CONTINUING STAY OF PROCEEDINGS** |

　　　　On March 2, 2023, the above-titled action was transferred to this district from the District of Nevada under the "first-to-file" rule, which rule allows a district court to transfer an action to a district in which a complaint involving the same parties and same issues is pending. (See Order, filed March 2, 2023 (Doc. No. 55).) In particular, the Nevada district court found transfer was appropriate in light of the pendency, in this district, of Civil Case No. 22-2741, as such case had been filed prior to plaintiffs' filing the instant action in Nevada and involves the same parties and issues.

　　　　In particular, both the amended complaint ("AC") filed in the instant action (see Doc. No. 5) and amended complaint filed in Civil Case No. 22-2741 consist of claims arising from the removal of plaintiff Andrea Wood's ("Wood') three children from her custody, the subsequent child dependency proceedings in state court, and custodial conditions applicable to Taylor Packwood ("Packwood"), Wood's oldest child. The two actions differ only in that plaintiffs assert in Civil Case No. 22-2741, but not in the instant case, claims against Mary P. Carey, Wood's former attorney, and that the claims asserted in the amended complaint filed in Civil Case No. 22-2741, but not in the instant case, are supported by a "Summary" signed by Packwood, as well as a "Personal

1  Statement" signed by Wood, that provide some additional detail in support of their claims.
2  In all other respects, the claims in the two actions are identical.  Specifically, the Causes
3  of Action asserted in the amended complaint filed in Civil Case No. 22-2741 and brought
4  against the County of Contra Costa, the Contra Costa Children and Family Services, the
5  Contra Costa County Office of the Sheriff, David Livingston, Kellie Case, Edyth Williams,
6  Cecelia Gutierrez, and Acadia Chidi (collectively "County Defendants"), as well as
7  against Erica Bains and Ravinder Bains (collectively, "the Bains"), are also asserted in
8  the instant case against those same defendants.

9  On March 6, 2023, the Court, noting that all defendants named in Civil Case No.
10 22-2741 had filed motions to dismiss and that those motions were, as of that date,
11 pending, stayed the instant action pending resolution of said motions to dismiss.  By
12 order filed concurrently herewith in Civil Case No. 22-2741, the Court has resolved those
13 motions.  At this point in the proceedings, the Court, having read and considered the AC
14 in the instant action, finds it appropriate to direct plaintiffs to show cause why such
15 pleading should not be dismissed in its entirety.  See Wong v. Bell, 642 F.2d 359, 361-62
16 (9th Cir. 1981) (holding district court may "act on its own initiative to note the inadequacy
17 of a complaint and dismiss it" after first affording the plaintiff an opportunity to respond
18 thereto).

### A. Packwood

20 By order filed concurrently herewith in Civil Case No. 22-2741, the Court has
21 dismissed each of Packwood's claims asserted in that case, with two exceptions.
22 Accordingly, Packwood will be directed to show cause why each of his claims
23 asserted in the instant action, with the exception of his Fourth Amendment claim against
24 Cecelia Gutierrez ("Gutierrez") and David Livingston ("Livingston"), and his state law
25 claims against the Bains, should not be dismissed for the reasons set forth in the Court's
26 order resolving the motions to dismiss filed in Civil Case No. 22-2741.  With regard to
27 Packwood's Fourth Amendment claim against Gutierrez and Livingston, and his state law
28 claims against the Bains, Packwood will be directed to show cause why those claims

should not be dismissed as duplicative of his remaining claims in Civil Case No. 22-2741. See Adams v. California Dep't of Health Services, 487 F.3d 684, 688 (9th Cir. 2007) (holding "[p]laintiffs generally have no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant").

Additionally, as to the Bains, Packwood will be directed to show cause why his claims against those two individuals should not be dismissed for failure to serve, see Fed. R. Civ. P. 12(b)(5), as the sole manner of service assertedly employed, specifically, "posting documents" at their home (see Doc. No. 23), is not a recognized form of service under the Federal Rules of Civil Procedure, see Fed. R. Civ. P. 4(m).

**B.  Wood**

By order filed concurrently herewith in Civil Case No. 22-2741, the Court has granted Wood's motion to voluntarily dismiss her claims asserted therein, and, consequently, has made no determination as to the viability of those claims.

To the extent the Court, in Civil Case No. 22-2741, dismissed claims asserted by Packwood therein, however, the Court's reasoning applies equally to Wood, and, accordingly, Wood will be directed to show cause why each of the claims asserted in the instant action, with the exception of her Fourth Amendment claim against Gutierrez and Livingston, and her state law claims against the Bains, should not be dismissed for the reasons set forth in the Court's order resolving the motions to dismiss filed in Civil Case No. 22-2741.

With respect to her Fourth Amendment claim against Gutierrez and Livingston, Wood will be directed to show cause why that claim should not be dismissed for lack of standing, as "Fourth Amendment rights are personal rights which . . . may not be vicariously asserted," see Rakas v. Illinois, 439 U.S. 128, 133-34 (1987), and Wood, while alleging Packwood was seized within the meaning of the Fourth Amendment, does not allege she was seized or otherwise subjected to any asserted deprivation of her Fourth Amendment rights.

With respect to her state law claims against the Bains, which claims are predicated on Packwood's "removal from his home" and "his subsequent detention" (see Amended Complaint ¶ 78), Wood will be directed to show cause why such claims should not be dismissed for lack of standing, as Wood does not assert she was "removed" or placed in "detention" by anyone, let alone as a result of some action on the part of the Bains. See Andrews v. County of Hawaii, 2012 WL 425167, at *8 (D. Haw. February 9, 2012) (holding a plaintiff does not have standing to assert false arrest claim based on arrest of family member). Additionally, Wood will be directed to show cause why her claims against the Bains should not be dismissed for failure to serve, see Fed. R. Civ. P. 12(b)(5), as the sole asserted manner of service employed, specifically, "posting documents" at their home (see Doc. No. 23), is not a recognized form of service under the Federal Rules of Civil Procedure, see Fed. R. Civ. P. 4(m).

**CONCLUSION**

Plaintiffs are hereby DIRECTED to show cause, in writing and no later than April 28, 2023, why the amended complaint should not be dismissed for the reasons stated above.

Lastly, the Court finds it appropriate to continue the stay of proceedings imposed by its order of March 6, 2023. Specifically, with the exception of the filing of plaintiffs' respective responses to the instant order to show cause, no motions or briefs shall be filed and no discovery shall be sought or exchanged in the instant case. Any party seeking leave from the stay must first file an administrative motion pursuant to Civil Local Rule 7-11.

**IT IS SO ORDERED.**

Dated: April 7, 2023

MAXINE M. CHESNEY
United States District Judge