IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAYLOR PACKWOOD and ANDREA WOOD,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF CONTRA COSTA, et al.,<br><br>Defendants. | Case No. 23-cv-01003-MMC<br><br>**ORDER DISMISSING AMENDED COMPLAINT WITHOUT FURTHER LEAVE TO AMEND** |

On March 2, 2023, the above-titled action was transferred to this district from the District of Nevada. By order filed April 7, 2023 ("April 7 Order"), the Court directed plaintiffs Taylor Packwood ("Packwood") and Andrea Wood ("Wood") to show cause why their Amended Complaint ("AC"), the operative complaint in the instant action, should not be dismissed for the reasons stated in said order.

Now before the Court is plaintiffs' Response, filed June 12, 2023, and a Supplemental Response, filed July 10, 2023. Also before the Court is a Reply to the above-referenced filings, submitted on behalf of defendants County of Contra Costa ("County"), Contra Costa Children and Family Services ("CFS"), Contra Costa Office of the Sheriff ("Sheriff's Office"), David Livingston ("Livingston"), Kellie Case ("Case"), Edyth Williams ("Williams"), Cecelia Gutierrez ("Gutierrez"), and Acacia Chidi ("Chidi") (collectively, "County Defendants").

Having read and considered the parties' respective written submissions, the Court rules as follows.

//

### A. Claims Asserted in the AC

The AC, which was filed by plaintiffs pro se when the instant action was pending in the District of Nevada,[1] consists of claims arising from the August 2017 removal of Wood's three children from her custody, the subsequent child dependency proceedings in state court, and the custodial conditions to which Packwood, Wood's oldest child, was subjected after the removal and prior to the state court's December 2017 decision returning him to Wood's custody. The named defendants are the County Defendants, as well as Erica Bains and Ravinder Bains (collectively, "Bains Defendants"), who are alleged to be former neighbors of plaintiffs.

Plaintiffs do not, either in their Response or their Supplemental Response, assert that the claims set forth in the AC are not subject to dismissal. Rather, as discussed below, plaintiffs seek leave to file another amended complaint.

Accordingly, the Court finds the AC is, for the reasons stated in its April 7 Order, subject to dismissal in its entirety, and the Court next turns to the issue of whether plaintiffs should be afforded further leave to amend.

### B. Claims Asserted in the Proposed SAC

In their Response to the OSC, plaintiffs request further leave to amend, and, upon direction of the Court, submitted a Second Amended Complaint ("Proposed SAC") with their Supplemental Response.

"As a general rule, leave to amend should be 'freely given when justice so requires.'" Lockheed Martin Corp. v. Network Solutions, Inc., 194 F.3d 980, 986 (9th Cir. 1999) (quoting Fed. R. Civ. P. 15(a)). In considering whether to afford leave to amend, courts consider the following four factors: "(1) bad faith on the part of the plaintiffs; (2) undue delay; (3) prejudice to the opposing party; and (4) futility of the proposed amendment." See id.

In the Proposed SAC, plaintiffs name as defendants the same defendants named

---

[1] After the action was transferred to this District, plaintiffs obtained counsel.

in the AC, and propose asserting seven "Causes of Action."  (See Doc. No. 74.)

### 1. Proposed Claims Asserted on Behalf of Wood

The Court first considers the five Causes of Action plaintiffs propose to assert on behalf of Wood.

#### a. "Violation of the Right to Substantive and Procedural Due Process"

Plaintiffs allege that, during the course of the state court child dependency proceedings, Wood was denied the right "to present evidence" and the right "to a true and faithful transcript of the proceedings."  (See Proposed SAC ¶ 45.)  Plaintiffs also allege that, as a result of such asserted "denial of procedural due process," Wood has been deprived of her "fundamental right to raise her children."  (See Proposed SAC ¶ 46.)  Further, according to plaintiffs, "the courts of the State of California have effectively closed the doors of the [c]ourt to Ms. Wood, depriving her of the right to perfect her claims."  (See Proposed SAC ¶ 47.)

County Defendants argue such claims are barred by the Rooker-Feldman doctrine.

The Rooker-Feldman doctrine "precludes federal court review of state court judgments other than review by the Supreme Court on certiorari."  See Doe & Associates Law Offices v. Napolitano, 252 F.3d 1026, 1029 (9th Cir. 2001) (citing Rooker v. Fid. Trust Co., 263 U.S. 413 (1923) and D.C. Ct. of App. v. Feldman, 460 U.S. 462 (1983).)  "The doctrine bars a district court from exercising jurisdiction not only over an action explicitly styled as a direct appeal, but also over the de facto equivalent of such an appeal."  See Cooper v. Ramos, 704 F.3d 772, 777 (9th Cir. 2012).  A "de facto appeal" is a civil action in which the claim is "inextricably intertwined with the state-court judgment," meaning the claim "succeeds only to the extent that the state court wrongly decided the issues before it."  See id. at 778 (internal quotation and citation omitted); see also id. at 781-82 (affirming, under Rooker-Feldman doctrine, dismissal of claim for damages, where potential monetary award was "contingent upon a finding that the state court decision was in error").

Here, plaintiffs seek relief based on the theory that Wood was deprived of her right to raise her children as a result of her alleged inability to present evidence to the state court conducting the child dependency proceedings and her alleged inability to obtain accurate transcripts of those proceedings. Such claims are inextricably intertwined with the state court judgment, described by plaintiffs in their Response as "the termination of Ms. Wood's parental rights as to two children" (see Pls.' Response at 1-2), in that the claims cannot succeed without a showing that "the state court wrongly decided the issues before it," see Cooper, 704 F.3d at 778 (internal quotation and citation omitted), namely, a showing that the state court erred in not allowing Wood to present evidence and not causing an accurate record of the proceedings to be prepared.[2] Consequently, the substantive and procedural due process deprivation claims Wood seeks to bring are barred by the Rooker-Feldman doctrine.

To the extent plaintiffs argue "strict application of Rooker/Feldman in this case would be inequitable" (see Pls.' Supp. Response at 5), the Court is not persuaded. The Rooker-Feldman doctrine, where applicable, constitutes a jurisdictional bar to a district court's consideration of a claim, see Doe & Associates, 252 F.3d at 1029 (holding "federal district courts lack jurisdiction to review the final determinations of a state court in judicial proceedings"), and the Court cannot, for equitable reasons, exercise jurisdiction it does not have.[3]

---

[2] Although the Proposed SAC does not make clear the basis for the allegation that the state court record was inaccurate, plaintiffs, in their Supplemental Response, assert that, "apparently, the state court refused to accept or assemble" a "complete record" of the proceedings. (See Pls.' Supp. Response at 4.)

[3] Moreover, plaintiffs have failed to allege any facts to support their conclusory assertion that "Wood was unable to make a record sufficient to accord her adequate and effective appellate relief." (See Proposed SAC ¶ 35.e.) Indeed, the California Rules of Court provide appellants with the ability to seek an order from the reviewing court for purposes of "augment[ing]" the record to include any document "filed or lodged in the case in superior court," see Cal. Rules of Court, Rule 8.155(a), and/or an order to "correct[ ] . . . any part of the record," see Cal. Rules of Court, Rule 8.155(c)(1). Plaintiffs do not allege Wood was deprived of an opportunity to augment or correct the record under said Rules.

4

Accordingly, the Court finds amendment to plead claims for Violation of the Right to Substantive and Procedural Due Process is futile.

### b. "Unlawful Entry as to Defendants Livingston and Gutierrez"

Plaintiffs allege that, in August 2017, "[d]efendant Livingston sent deputies to enter, and [d]efendant Gutierrez entered, the home belonging to [p]laintiff Wood and resided in by her three children without a warrant, without the consent of a person with apparent authority, without a court order, and without exigent circumstances." (See Proposed SAC ¶ 50; see also Proposed SAC ¶¶ 22, 56.)

County Defendants argue said Unlawful Entry claim, by which plaintiffs assert violations of the Fourth Amendment, is barred by the applicable statute of limitations.

A claim asserting a Fourth Amendment violation is subject to a two-year statute of limitations and accrues on the date the act allegedly constituting the deprivation occurred. See Mills v. City of Covina, 921 F.3d 1161, 1166 (9th Cir. 2019) (holding claim alleging "unlawful stop and detention" accrued on date "search was conducted").

Here, as noted, plaintiffs allege the entry occurred in August 2017. The instant case was filed in the District of Nevada on May 12, 2022, significantly later than two years after the challenged entry, and, consequently, the Unlawful Entry claim is barred by the applicable statute of limitations.

Accordingly, the Court finds the proposed amendment to plead the Unlawful Entry claim is futile.

### c. "Failure to Train"

Plaintiffs allege that, "[t]o the extent that [d]efendants Livingston and Gutierrez claim [a] belief that they had legal authority, excuse[,] or justification to enter the home, that belief was a result of inadequate training" by the County, the Sheriff's Office, and the CFS. (See Proposed SAC ¶ 58.) More specifically, plaintiffs allege that the County, the Sheriff's Office, and the CFS "refused and/or neglected to provide adequate training to officers on lawful entry into private residences." (See Proposed SAC ¶ 59.)

As the claim is based on the August 2017 entry into Wood's home, the Failure to

1 Train claim is, for the reasons stated above, barred by the applicable statute of
2 limitations.

3 Accordingly, the Court finds the proposed amendment to plead the Failure to Train
4 claim is futile.

### d.  "Intentional Infliction of Emotional Distress"

Plaintiffs allege Wood "suffered anxiety, fear, terror[,] and extreme emotional distress due to the loss of her ability to care for her children."  (See Proposed SAC ¶ 73.)

County Defendants argue the instant claim, which arises under state law, is futile, for the reason that plaintiffs do not allege Wood has complied with the claim presentation requirements set forth in the California Government Code.

Subject to exceptions not relevant to Wood's proposed state law claim, see Cal. Gov. Code § 905, a plaintiff must submit a claim for damages to a public entity prior to filing suit against either the entity, see Cal. Gov. Code § 945.4, or an employee of the entity, see Cal. Gov. Code § 950.2.  "Compliance with the claims statutes is mandatory . . . and failure to file a claim is fatal to the cause of action."  See City of San Jose v. Superior Court of Santa Clara County, 12 Cal. 3d 447, 454 (1974); see also State of California v. Superior Court, 32 Cal. 4th 1234, 1239 (2004) (holding "failure to timely present a claim for money or damages to a public entity bars a plaintiff from filing a lawsuit against that entity").  Consequently, a party's failure "to allege facts demonstrating or excusing compliance with the claim presentation requirements subjects a claim against a public entity to a demurrer for failure to state a cause of action."  See State of California, 32 Cal. 4th at 1239.

The Proposed AC does not include an allegation that Wood has at any time presented a claim to the County, let alone a claim for intentional infliction of emotional distress.

Accordingly, the Court finds the proposed amendment to plead the Intentional Infliction of Emotional Distress claim is futile to the extent asserted against the County Defendants.

1       With respect to the Bains Defendants, who are not alleged to be employees of a public entity, the claim is based on two allegations.  First, plaintiffs allege the Bains Defendants made telephone calls "[o]n or about August 17, 2017," in which they allegedly falsely stated to CFS and to the Sheriff's Office that "Wood's minor children were in danger." (See Proposed SAC ¶¶ 30-31.)  Second, plaintiffs allege the Bains Defendants were Packwood's foster parents "[f]rom August 17, 2017, until the date . . . Packwood was permitted to return to his mother's home" (see Proposed SAC ¶ 67), on December 5, 2017 (see AC ¶ 42), during which period of time Packwood was subjected to conduct that allegedly caused him "anxiety, fear, terror[,] and extreme emotional distress" (see Proposed SAC ¶ 73).[4]

      The statute of limitations applicable to a claim for intentional infliction of emotional distress is two years.  See Pugliese v. Superior Court, 146 Cal. App. 4th 1444, 1450 (2007).  Here, although nothing in the record sets forth the date on which Wood is alleged to have learned the Bains engaged in the alleged behavior on which the claim is based, it cannot be disputed that she learned of the above-referenced false telephone calls no later than May 28, 2019, the date on which Wood described such conduct in a publicly-filed document (see Wood v. County of Contra Costa, Case No. 19-02678-JD, Amended Complaint, filed May 28, 2019, ¶ 55), and it is readily apparent that she learned of the alleged conditions of Packwood's foster care no later than 2019, the year in which plaintiffs allege Packwood publicized them (see Compl., Summary ¶ 9).

      Accordingly, the Court finds the proposed amendment to plead the Intentional Infliction of Emotional Distress claim is futile to the extent proposed against the Bains Defendants.

//

//

---

[4] The above-referenced conduct is identified in the initial Complaint as a "molest[ation]" and "forced drugging." (See Compl., Summary ¶ 9.)

### e. "Denial of Substantive Due Process as to Edyth Williams, Kellie Case[,] and Acacia Chidi"

Plaintiffs allege Williams, Case, and Chidi, each of whom is a social worker (see Proposed SAC ¶¶ 15-17), testified falsely during two hearings conducted by the state court and that, as a result of such testimony, Wood's "relationship" with her children was "effectively terminated." (See Proposed SAC ¶¶ 77, 79.)

County Defendants argue the claim is futile, as the three named defendants are entitled to absolute immunity.

The Ninth Circuit has held that "witnesses," including social workers, "are absolutely immune from suits for damages." See Burns v. County of King, 883 F.3d 819, 821-23 (9th Cir. 1989) (holding social worker entitled to absolute immunity as to claim she made false statement under oath). Here, as noted, the claim is based on a theory that three social workers falsely testified under oath during state court hearings.

Accordingly, the Court finds the proposed amendment to plead the Denial of Substantive Due Process claim is futile.

### 2. Packwood

Each of the seven proposed Causes of Action in the Proposed SAC is asserted on behalf of Packwood. In addition to the five Causes of Action discussed above with respect to Wood, the Proposed SAC also includes two Causes of Action asserted solely by Packwood, namely, a claim titled "Unlawful Seizure," which claim is based on Packwood's alleged removal from his home by Livingston and Gutierrez (see Proposed SAC ¶ 62), and a claim titled "False Imprisonment," which claim is based on Packwood's not being allowed to reside with his mother from the date of the removal to the date the state court allowed him to return to her (see Proposed SAC ¶ 67).

For the reasons stated above with respect to Wood, the proposed amendment to plead the claims for Violation of the Right to Substantive and Procedural Due Process and the proposed amendment to plead the claim for Denial of Substantive Due Process is futile as asserted on behalf of Packwood.

Additionally, as the Proposed SAC does not include an allegation that Packwood

has at any time presented his state law claims to the County, the proposed amendment to plead both the False Imprisonment claim and the Intentional Infliction of Emotional Distress claim, to the extent asserted against the County Defendants, is futile.

The remaining claims proposed on behalf of Packwood are three Fourth Amendment claims, namely, the proposed Unlawful Entry, Failure to Train, and Unlawful Seizure claims, and the one Intentional Infliction of Emotional Distress Claim to the extent asserted against the Bains. Each of those claims, however, has been made by Packwood in a related action that is pending before the undersigned, namely, Packwood v. County of Contra Costa, Case No. 22-cv-02741-MMC, and the Court previously has made rulings as to the viability of each of those claims in said related proceeding. (See Order, filed April 7, 2023, in Case No. 22-cv-02741-MMC.)[5]

As a plaintiff has "no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant[s]," see Adams v. California Dep't of Health Services, 487 F.3d 684, 688 (9th Cir. 2007), plaintiffs will not be afforded leave to file, in the instant action on behalf of Packwood, the proposed Fourth Amendment claims and the proposed Intentional Infliction of Emotional Distress claim to the extent asserted against the Bains.

**CONCLUSION**

For the reasons stated above, the Amended Complaint is hereby DISMISSED, without further leave to amend. Such dismissal is without prejudice to Packwood's proceeding in the pending related action as to the claims remaining therein.

**IT IS SO ORDERED.**

Dated: March 22, 2024

MAXINE M. CHESNEY
United States District Judge

---

[5] Specifically, the Court found the Fourth Amendment claims, to the extent asserted against Livingston and Gutierrez, as well as the Intentional Infliction of Emotional Distress claim asserted against the Bains, were not subject to dismissal. The Court dismissed, however, the Fourth Amendment claims to the extent asserted against the County, the Sheriff's Office, the CFS, and the Bains.